IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PIKE NURSERY HOLDING LLC, | ) | Case No. 07-79129-mgd |
| | ) | |
| Debtor. | ) | |
| | ) | |

**MOTION OF DEBTOR FOR ORDER PURSUANT
TO 11 U.S.C. §§ 105(a) AUTHORIZING DEBTOR
TO HONOR CERTAIN PRE-PETITION CUSTOMER OBLIGATIONS**

Pike Nursery Holding LLC (the "Debtor") files this Motion, respectfully showing the Court as follows:

### Jurisdiction

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2. On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor is authorized to operate its business as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. Additional information about the Debtor's business and the events leading up to the Petition Date can be found in the Declaration of Scott Schnell in Support of First Day Applications and Motions (the "Schnell Declaration") which is incorporated herein by reference.

## Relief Requested

4. In the ordinary course of the Debtor's business, and as is customary with most nursery operations, the Debtor maintains a number of customer-service policies, including, without limitation, gift certificates and refunds/store credits, both of which are designed to enhance the Debtor's ability to generate continuing revenues in its business (collectively, the "Customer Obligations"). In general, the Customer Obligations can be grouped into the following categories:

   a. <u>Gift Certificates</u>. The Debtor sells gift certificates to customers that can be used towards the purchase of products from the Debtor. The card amounts are not pre-set; they can be activated for any amount. The cards are recorded as a liability when purchased. When the card is used, a sale of inventory is recorded and the card is tendered through the system, which relieves the liability account. Although an expiration date is stated, it is not enforced. The gift certificate procedure was automated several years ago.

   b. <u>Returns and Guarantees</u>. The Debtor has instituted certain types of guarantee programs. The customer can exchange or return product and receive a merchandise credit. The customer can also return dead plant material for a merchandise credit. The guarantee policy is for one year on all live trees, shrubs, houseplants and perennials. It excludes annuals, sod, holiday items and holiday plants. The merchandise credit can be used for a future purchase. Although an expiration date is stated, it is not enforced. The merchandise credit procedure was automated at the beginning of last year.

5. The Debtor estimates that as of the Petition Date, the outstanding liability for Customer Obligations is approximately $839,440.00.

## Basis for Relief

6. This Court has authority to grant the relief requested herein pursuant to Sections 363(b) and 105(a) of the Bankruptcy Code. Section 363(b)(l) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(l). Debtor submits that, to the extent that the Customer Obligations are considered to be other than in the ordinary course of its

business, the authority sought by this Motion with respect to the Customer Obligations should be granted pursuant to Section 363(b).

7.  In other large Chapter 11 cases, courts have authorized debtors to continue their pre-petition customer service programs and policies and honor obligations thereunder.  See, e.g., In re Heilig-Meyers Co., Case No. 00-34533 (Bankr. E. D. Va. Aug. 16, 2000); In re Best Prods. Co., Inc., No. 96-35267-T (Bankr. E.D. Va. Sept. 24, 1996); In re Hechingers Inv. Co. of Del., Inc., No. 99-2261 (Bankr. D. Del. June 11, 1999); In re R.H. Macy & Co., Inc., Case No. 92 B 40477 (Bankr. S.D.N.Y. 1992); In re Zale Corp., 392-30001 SAF-11 (Bankr. N.D. Tex. 1992); In re P.A. Bergner & Co. Holding Co., Case No 91-05501 (Bankr. E.D. Wis. 1991).  A similar authorization is appropriate in this case.

8.  Accordingly, the Debtor requests that it be authorized, but not directed, in its business judgment, to honor, modify, or discontinue, as the case may be, any customer program without further application to (or the approval of) the Court.  Similarly, Debtor requests that it be authorized, but not directed, in its business judgment to honor or compromise all Customer Obligations.

9.  Based on the foregoing, the Debtor submits the relief requested in the Motion should be granted.

## Notice

10.  Notice of this Motion has been provided to the Office of the United States Trustee, counsel for the Debtor's pre-petition senior secured lenders, counsel to the Debtor's proposed debtor-in-possession lenders, and the Debtor's twenty (20) largest unsecured creditors. In light of the nature of the relief requested, the Debtor submits that no further notice is necessary.

## **Conclusion**

WHEREFORE Debtor respectfully requests entry of an order granting the relief requested herein, and granting Debtor such other and further relief the Court deems to be just and proper.

This __14th__ day of November, 2007.

                                                  Respectfully submitted,

                                                SCROGGINS & WILLIAMSON

                                                /s/ Ashley R. Ray

| | |
|---|---|
| | J. ROBERT WILLIAMSON |
| 1500 Candler Building | Georgia Bar No. 765214 |
| 127 Peachtree Street, NE | ASHLEY REYNOLDS RAY |
| Atlanta, GA 30303 | Georgia Bar No. 601559 |
| (404) 893-3880 | Counsel for the Debtor |